### Genesther TAYLOR, Plaintiff-Appellant,

v.

### State of CALIFORNIA DEPARTMENT OF TECHNOLOGY SERVICES, Defendant-Appellee.

### No. 16-15159

United States Court of Appeals, Ninth Circuit.

Submitted February 14, 2017 *

Filed February 23, 2017

Genesther Taylor, Pro Se

Jaclyn Younger, AGCA-Office of the California Attorney General, Los Angeles, CA, for Defendant-Appellee

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

### MEMORANDUM **

Genesther Taylor appeals pro se from the district court's judgment dismissing her employment action alleging Title VII and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal on the basis of the applicable statute of limitations. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

The district court properly dismissed as time-barred Taylor's Title VII claims because Taylor filed this action years after the applicable statute of limitations had run. *See* 42 U.S.C. § 2000e-5(f)(1) (statute of limitations for Title VII action is ninety days from receipt of a right-to-sue letter); *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (Title VII claims are not equitably tolled during the pendency of a related action, where the related action is commenced after the ninety-day statute of limitations has run).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Taylor's state law claims after dismissing her federal claims. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." (citation and internal quotation marks omitted)); *see also Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (standard of review). We treat the dismissal of the state law claims as a dismissal without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When ... the court dismisses the federal claim leaving only state claims for resolution, the court should de-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

cline jurisdiction over the state claims and dismiss them without prejudice." (citation and internal quotation marks omitted; alteration in original)).

Because we affirm the dismissal of Taylor's action as time-barred, we do not consider Taylor's contentions regarding the merits of her claims.

**AFFIRMED.**

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.